Curia, per

Earle, J.
The plaintiff declares upon her possession, and claims a right of way from her plantation “into, through and over the plantation and close adjoining thereto, now in the possession of the defendant, unto and. into a certain highway, which runs near where the said plaintiff resides.” It is suggested, in arrest of judgment, that the way is not set out with sufficient certainty. It is true that the termini of a way should be set out with reasonable certainty ; and a majority of the court are of opinion that “ unto and into a certain highway which runs near the residence of the plaintiff,” is a sufficient description of the terminus ad quern. The precedent is taken from 2 Chitty Plead. 361, (p. 809 of Ed. 1837,) where the description is, “ unto and into q *238 certain common and public highway in the county aforesaid,” and refers to Blockley vs. Slater, (1 Lutw. 119 ;) and it is added, in note t, “ the terminus ad quern may be laid to be a public highway, and will be proved by evidence of a public footway.” In Allen vs. Ormond, (8 East. R. 4,) the way claimed was from the plaintiff’s gardens “ unto, into, over and across the close called Channels, unto and into a certain public King’s highway, in the parish aforesaid and it was objected, that the terminus ad quem, being a public highway, must be taken to be a highway for all purposes, and was not proved by evidence of a common footway. But the objection was overruled, and the plaintiff had a verdict, which was sustained, because it was a public highway for foot passengers; though the court expressed a doubt, whether the description might not have been bad on special demurrer, as not pointing out with sufficient certainty what sort of highway was meant; that is, whether for carriages, for persons on horse back, or for foot passengers. It was not made a question whether the termini of the highway should be described, (as into a certain highway leading from such a placé to such a place,) as it is argued here. We have, strictly speaking, but one kind of public highway, which is a highway for all purposes, and, in pleading, must be so intended. The doubt expressed by the court, in Allen vs. Ormond, would not apply to cases arising here.
We are all of opinion that any error in omitting the termini of the way claimed, is cured by verdict. It was so held in Clarke vs. Cheney, (1 Ventr. 13.)
It is objected that the verdict does not specify the way to which the plaintiff is entitled. The verdict is in the only form in which a verdict can be rendered, a verdict for damages, which establishes the plaintiffs right to the way described in the declaration. The jury could not render a verdict which should have the effect of putting the plaintiff in possession of the way, as in ejectment, or trespass to try title; *239 for it is an incorporeal right, an easement over the land off another, and the plaintiff' could only recover damages for the obstruction, which he may continue to recover as long as the obstruction remains.
On the grounds taken for a new trial, the court are of opin* ion, that there was no error in the instruction to the jury. There is certainly a difference made, in some leading cases, between the effect of a former recovery when pleaded, and when given in evidence. But all these cases have arisen upon the effect of a former recovery when offered by the defendant ; and it is said that the plaintiff shall not be estopped, unless the former recovery be specially pleaded. If the defendant, on the general issue, put the plaintiff upon proof of his case, and use the record of former recovery only as evidence, the jury shall not be precluded from saying that the plaintiff had a cause of action, notwithstanding. (Outram vs. Morewood, 3 East. R. 345 ; Vooght vs. Winch, 2 B. & A. 662.) In the Dutchess of Kingston’s case, Ch. J. De Grey, in delivering his judgment, holds the following language j “ From a variety of cases, relative to judgments being given in evidence in civil suits, it seems to follow, as generally true, that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea in bar, or as e'vidence, conclusive between the same parties, upon the same matter directly in question in another court.” If this be true, it is impossible to imagine a reason why a judgment rendered in the same.court should not be equally conclusive. In assump-sit, a former recovery may be either pleaded in bar, or given in evidence; and there seems to be no good reason why, in one case, it should be absolutely conclusive, as a bar, or an estoppel, and, in the other, should only be persuading evidence, as it is called. A record of conviction against a parish, for not repairing, is conclusive evidence, on a subsequent indictment against the same parish,’of the liability of the parish to repair. (Peake’s Cases, 219.) In an action for *240 mesne profits, the judgment in ejectment is conclusive against the defendant, on the right of possession at the time of the demise. (6 Brev. 666.) From these cases, it would seem to be entirely in conformity with the principle on which they have been decided, that the former verdicts for the plaintiff against the defendant, for an obstruction to the same way, should be regarded as conclusive evidence of the right of the' plaintiff to the way in question. In this action, it was impossible for him to plead the former recovery as an estoppel; he could only set out the way and the obstruction. The recovery was not conclusive on all the points made on the new issue; for the continuance of the obstruction was a fact to be made out by additional proof, and he used the former record in the only way in which he could use it, as evidence of his right. The old maxim, that no man shall be twice vexed by the agitation of the same question, would seem to be of very little authority, if, after two verdicts on the same right, in dispute with the same adversary, supported by the same' proof, out of the mouths of the same witnesses, the plaintiff should be told that the verdicts have concluded nothing, and that the right is still an open question. The case of Street vs. Bovingdon et al., (5 Esp. 56,) is directly in point. It was twice tried before Lord Ellenborough, who decided Outram vs. Morewood, and occurred immediately after that case. It was an action on the case against the defendants, for erecting weirs and other obstructions in a certain river, and thereby directing the water from the plaintiff’s mills. The plaintiff offered in evidence the record of a former action against Bovingdon alone, for similar wrongs, in which he had relied on the same rights which he claimed in the subsequent action,' and had obtained a verdict The plaintiff’s counsel contended that the verdict was conclusive of the plaintiff’s right; which was resisted by the other side. Lord Ellenborough said, “ the record of the former case could not be deemed a legal estoppel; but it was binding so far, that he should thinfc *241 toimself bound to tell the jury to consider it conclusive of the rights of the partiesUpon which the defendant’s counsel, Best, serjeant and Espinasse, acquiesced, consented to a verdict for the plaintiff, and agreed to remove the obstructions. The defendant, here, offered the same proof, by the same witnesses, to resist the plaintiff’s right, as on the former trial; and the jury were properly instructed that, as matter of evidence, the former verdicts ought to be considered as conclusive of the right of the plaintiff; leaving the other questions to depend on the additional proof.
Irby for the motion; Young, contra*
Motions dismissed;
Gantt, Richardson, Evans and Butler, JJ. concurring.